IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIT SUMMERS,

                    Plaintiff,

          v.

OFFICER JONATHAN FREEMAN et al.,

                    Defendants.

CIVIL ACTION
NO. 13-2227

## OPINION

**Slomsky, J.**                                                      **December 6, 2013**

## I.      INTRODUCTION

In this case Plaintiff essentially challenges the legality of his arrest on September 20, 2010 and his subsequent prosecution.  (Doc. No. 1.)  He does so in a Complaint containing various claims made in seven counts.  (Id.)  At an August 1, 2013 hearing, however, counsel for the parties agreed to dismissal of all claims except for those alleged in Counts II and VI made only against Defendant Police Officer Freeman ("Defendant").  Count II alleges malicious prosecution in violation of 42 U.S.C. § 1983, and Count VI alleges malicious prosecution in violation of 42 U.S.C. § 1983 and Pennsylvania common law.  (Id. at 4-7.)

Prior to the August 1, 2013 hearing, Defendant had filed a Motion to Dismiss the Complaint (Doc. No. 5) and Plaintiff filed a Response in Opposition (Doc. No. 6).  Following the hearing, the parties submitted supplemental briefs (Doc. Nos. 10, 11), discussing whether the remaining claims in Counts II and VI should be dismissed against Defendant Freeman.  For reasons that follow, the Court will grant the Motion to Dismiss the two remaining claims.

## II.     BACKGROUND

The following facts are set forth in the Complaint and are relevant to the two remaining claims of malicious prosecution against Defendant Freeman, the only remaining Defendant in this case:

> On September 10, 2010, Defendant Officer Freeman was met at the Trainer Police Department by Paul Essick and told by Essick that his neighbor Kit Summers [Plaintiff] approached Essick on September 9, 2010 at 8:30 p.m. and threatened to kill Essick with his gun.

(Doc. No. 1 at ¶ 11.)  Based on these allegations, Defendant arrested Plaintiff on September 20, 2010.  (Id. ¶ 12.)  He was arrested after an arrest warrant was issued on September 10, 2010 by a Magisterial District Justice.  The warrant is attached as Exhibit A to Defendant's Supplemental Memorandum of Law in Support of his Motion to Dismiss.  (Doc. No. 11 at 13-15.)  Noted in the warrant is that Plaintiff was charged with terroristic threats (18 Pa.C.S. § 2706), harassment (18 Pa.C.S. § 2709), and disorderly conduct (18 Pa.C.S. § 5503).  (Doc. No. 1 at ¶ 12.)  On October 19, 2010, Plaintiff was released on bail from pretrial detention, and on April 26, 2011, Plaintiff was found not guilty of all charges.  (Id. at ¶ 13-14.)

## III.     STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  After Iqbal, it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  Id. at 663; see Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, n.14 (3d Cir. 2013) (citing Sheridan v. NGK Metals Corp., 609 F.3d 239, n. 27 (3d Cir. 2010)).  "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).  A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679.  The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV.    ANALYSIS

Defendant asserts two reasons why the Complaint should be dismissed.  First, Defendant submits that the malicious prosecution claims should fail because there was probable cause to arrest Plaintiff.  Second, Defendant argues that he is entitled to qualified immunity for his actions.

To establish a claim for malicious prosecution under 42 U.S.C. § 1983 (Count II), Plaintiff must satisfy the following five elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ending in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

3

Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007).  Under Pennsylvania law, in order to establish a common law claim for malicious prosecution (Count VI), Plaintiff must meet all but the fifth element listed above.  Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791 (3d Cir. 2000).

The existence of probable cause would defeat any federal or state claim for malicious prosecution because the third element would not be met.  Teeple v. Carabba, No. 07-2976, 2009 WL 5033964, *32 (E.D.Pa. Dec. 22, 2009).  In deciding whether probable cause existed at the time of an arrest, a court must decide whether the objective facts available at the time of the arrest were sufficient to justify a reasonable belief that there was probable cause for the arrest.  Forde v. Home Depot, No. 11-5823, 2011 WL 6372090, *2 (E.D.Pa. Dec. 20, 2011).  A suspect's actual guilt or innocence is immaterial to the probable cause analysis.  Id.  Moreover, a police officer has no duty to investigate further once probable cause has been established for the arrest.  Lincoln v. Hanshaw, No. 08-4207, 2009 WL 1259099, *9 (E.D.Pa. May 6, 2009).

Here, Plaintiff's claim for malicious prosecution fails because he cannot establish the third element of the claim as required under both federal and state law — that the defendant initiated the proceeding without probable cause.  Plaintiff was arrested on three charges: terroristic threats (18 Pa.C.S. § 2706), harassment (18 Pa.C.S. § 2709), and disorderly conduct (18 Pa.C.S. § 5503).  Based upon the facts set forth above in the Complaint, which must be viewed in the light most favorable to Plaintiff, probable cause existed to arrest Plaintiff on all three charges based on Essick's in-person statement that Plaintiff threatened to kill him with his gun.  Defendant Freeman was given this information at the police department by Essick.  An informant who relates his or her information to a law enforcement officer during an in-person

meeting, like Essick did, is more reliable than an anonymous caller,  United States v. Valentine, 232 F.3d 350, 354 (3d Cir. 2000), and Essick's statement supports the requisite probable cause.

Plaintiff contends that Defendant knew or should have known that Essick's statement was unreliable, based on a prior conflict between Plaintiff and Essick.  Specifically, Plaintiff contends that Defendant knew or should have known that twelve days before Plaintiff's arrest, Police Officer Bob Brockway of the City of Trainer Police Department responded to a call that Essick had thrown a rock at Plaintiff.  (Doc. No. 10 at 1.)  Plaintiff argues that this prior incident makes Essick's credibility questionable and obligated Officer Freeman to investigate further before making the arrest.

While police officers have a duty to investigate the truthfulness of a complaint if they have reason to "believe it is fishy," the facts alleged here do not rise to that level.  Young v. City of Pittsburgh, No. 11-650, 2013 WL 1290950, *9 (W.D.Pa. Mar. 26, 2013).  In a similar case, Young v. City of Pittsburgh, a prior conflict existed between the reporting victim and the plaintiff.  There, the court held that prior conflict between parties does not negate probable cause to make an arrest.  Id.; see also, Griffin v. Walbert, No. 11-924, 2012 WL 123560, *4 (M.D.Pa. Jan. 17, 2012).  Here, Officer Freeman was not aware of any circumstances that should have aroused his suspicion, such as a propensity by Essick to make false accusations or a blatant discrepancy in the facts given to the Officer.  As stated above, Officer Freeman was not under any obligation to engage in extensive fact-finding regarding Essick's credibility.  Williams v. City of New York, No. 02-3693, 2003 WL 22434151, *5 (S.D.N.Y. Oct. 23, 2003).

In addition, Defendant Freeman is entitled to the benefit of qualified immunity.  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2085 (2011).  In resolving claims of qualified immunity, a

court must decide:  1) whether the facts alleged or shown by a plaintiff make out a violation of a constitutional right, and 2) whether that right was clearly established at the time of the defendant's misconduct.  Saucier v. Katz, 533 U.S. 194, 121 S.Ct 2151 (2001). When Defendant Freeman arrested Plaintiff, he did so pursuant to a warrant issued by a neutral magistrate. Because Defendant obtained a valid arrest warrant, and probable cause existed to support the arrest, there was no violation of Plaintiff's constitutional rights.  Therefore, because the first element of qualified immunity is not satisfied, Defendant is entitled to such immunity.  Since there was no constitutional violation, the Court need not consider whether the second prong of the qualified immunity test is met.[1]

## V.      CONCLUSION

Because Plaintiff has not satisfied the elements of a claim for malicious prosecution under either state or federal law, and for the additional reason that Defendant Freeman is cloaked with qualified immunity, the Court will grant Defendant's Motion to Dismiss.  An appropriate Order follows.

---

[1] The Supreme Court has held that it is reasonable for a police officer to proceed with criminal charges if a neutral magistrate has issued a warrant.  Messerschmidt v. Millender, 132 S.Ct. 1235, 1245 (2012).  The only exception to this rule is where "it is obvious that no reasonably competent officer would have concluded that a warrant should issue."  Malley v. Briggs, 475 U.S. 335, 341 (1986).  As the Supreme Court noted in Messerschmidt, "the threshold for establishing this exception is a high one, and it should be."  Messerschmidt 132 S.Ct at 1245. Here, based on the facts, it was reasonable for Defendant Freeman to believe a warrant should issue.